UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 2:18-CV-14371-ROSENBERG/MAYNARD

ELLEN BERMAN, and DAYANA
GUACH on behalf of themselves and all others
similarly situated,

  Plaintiffs,

    v.

GENERAL MOTORS LLC, a Delaware
limited liability company

  Defendant.

## PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement Agreement that Plaintiff Ellen Berman (hereinafter "Plaintiff") have reached with Defendant General Motors, LLC ("GM") (Dkt. No. 27). In connection with that Motion, the Court has considered and reviewed the following materials: (a) Plaintiff's motion for preliminary approval of the settlement (the "Motion"), and the declarations and papers filed in connection therewith; and (b) the settlement agreement dated April 25, 2019 and the exhibits attached thereto (the "Settlement Agreement").[1] In addition, the Court has considered the arguments of counsel and the pleadings and record in this case. As a part of the Settlement Agreement, the Defendants are not objecting to the certification of the Settlement Class for settlement purposes only. Having considered all the foregoing materials and information, this Court finds that there is good cause

---

[1] Unless otherwise stated, defined terms herein have the meaning given to such terms in the Settlement Agreement.

for **GRANTING** the Motion for Preliminary Approval, DE 27.

**THEREFORE, IT IS HEREBY ORDERED AND ADUDGED:**

### Conditional Certification of Settlement Class

1. For purposes of this proposed Settlement only, and pending final approval of the Settlement Agreement after a Final Approval Hearing, the Court finds that the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met, and therefore the Court provisionally certifies a nationwide Settlement Class consisting of:

> All persons within the United States who purchased or leased, at any time before the Preliminary Approval Date, a new retail or used model year 2010, 2011, 2012 or 2013 Chevrolet Equinox or GMC Terrain vehicle equipped with 2.4 liter Ecotec engines, manufactured prior to the Production Change, and who have not experienced engine failure or executed a prior release of the claims set forth in the Action or Related Actions in favor of GM.
>
> Excluded from the Class Vehicles for avoidance of doubt are all model year 2013 Equinox and Terrain vehicles that GM manufactured after the Production Change.

2. The Settlement Class satisfies the requirements of Rule 23(a). The members of the Settlement Class are so numerous that joinder is impracticable; there are questions of law or fact common to the proposed Settlement Classes; Plaintiff's claims are typical of the claims of the Settlement Class; and Plaintiff and Class Counsel will fairly and adequately represent the interests of the Settlement Class.

3. The Settlement Class also satisfies the requirements of 23(b)(3) because this Court finds that issues of law and fact common to the proposed Settlement Class predominate over any issues affecting only individual members of the proposed Settlement Class, and that settlement of this action as a class action is superior to other means available for fairly and efficiently resolving the controversy.

4. Lastly, the class definition is sufficiently ascertainable such that an individual can

ascertain whether he or she is in the Settlement Class based on objective criteria.

5.     The Court finds that proposed Class Counsel are competent and capable of exercising their responsibilities, and that proposed Class Counsel and the proposed Class Representatives have fairly and adequately represented the interests of the Settlement Class. The Court appoints Daniel Bryson of Whitfield, Bryson & Mason, LLP; Gregory F. Coleman and Rachel Soffin of Greg Coleman Law PC; and Robert Ahdoot of Ahdoot & Wolfson, P.C., as Class Counsel for the proposed Settlement Class. Plaintiff Ellen Berman appointed as Class Representative for the Settlement Class, along with previously named plaintiffs of the related matters[2] (Illinois Plaintiffs Patrick Sanchez, Mark Stauber and Sally Stauber, Jacob Ross-Demmin, and Jennifer Herrington, and California Plaintiffs Ryan Hindsman, Diana Miranda, and Vanessa Maryanski).

## Preliminary Approval of Settlement

6.     The terms of the Settlement Agreement, including all exhibits thereto, appear to be in the range of reason and fair, reasonable, and adequate, and the Settlement Agreement is hereby preliminarily approved. This Order incorporates the Settlement Agreement, and terms used in this Order that are defined in the Settlement Agreement have the same meanings.

7.     The Agreement provides comprehensive relief and monetary compensation to eligible members of the Settlement Class. It was entered into after arm's-length negotiations by experienced counsel on behalf of the Settlement Class. There is no evidence of collusion or that the Class Counsel placed their interests above those of the Settlement Class. The material terms of the Settlement were agreed to prior to the Parties' discussion of attorneys' fees and expenses,

---

[2] As explained in the Settlement Agreement, the parties have agreed to resolve all claims in this matter as well as two related actions: *Hindsman, et al. v. General Motors LLC*, Case No. 3:17-cv-5337, pending in the United States District Court for the Northern District of California ("California Action"), and *Sanchez, et al. v. General Motors LLC*, Case No. 1:18-cv-2563, pending in the United States District Court for the Northern District of Illinois.

and any attorneys' fees and expenses awarded will be in addition to the relief provided to Settlement Class Members under the Settlement Agreement.

8. Pending further order of the Court, all litigation activity in this case unrelated to the settlement is hereby stayed. In the event that the Settlement Agreement is not approved by the Court or such approval is vacated on appeal, the litigation shall resume without prejudice to the Parties for having negotiated the settlement agreement upon joint application of the Parties to the Court to lift the stay.

9. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

### Class Notice

1. The Settlement Agreement is attached as Exhibit A to Plaintiff's Memorandum in Support of Preliminary Approval of the Class Action Settlement and Related Matters. The Court approves the proposed Class Notice that is submitted as Exhibit A to the Settlement Agreement.

2. The Court finds that the manner of mailing and dissemination of the Notices and related Settlement information as described in Part V of the Settlement Agreement and the Declaration of Richard Simmons of Analytics Consulting LLC constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies with the requirements of Fed. R. Civ. P. 23 and provides Settlement Class Members due process under the United States Constitution. The Class Notice is subject to further modification to insert the proper deadlines and as determined appropriate by the Settlement Administrator.

3. Promptly following the entry of this Order, the Parties and Settlement Administrator shall prepare the final version of the Class Notice, incorporating into it the Fairness

Hearing date and the Objection and Opt Out deadlines based on the actual date determined by the Parties and the Settlement Administrator to be the Notice Commencement Date as set forth below.

4. The Notice Date is the date on which the Class Notice is disseminated to the Class. The Notice Date should occur no later than 30 days after the Settlement Administrator receives the Class list from IHS/Polk, or by the next following Business Day if the deadline falls on a weekend or legal holiday.

5. The Court appoints Analytics Consulting, LLC as the Settlement Administrator.

6. The fees and costs of the Settlement Administrator shall be paid by GM.

7. The Settlement Administrator shall implement the Parties' Notice Plan which is set forth in the Declaration of Richard Simmons of Analytics Consulting LLC and described in Part V of the Settlement Agreement. The payment of fees and costs to the Settlement Administrator shall not be contingent upon any further action of the Court, including, without limitation, any decision on a Motion for Final Approval of the Settlement Agreement.

## Final Approval Hearing

8. The Court will hold a Final Approval Hearing on **October 4, 2019 at 1:00 PM** in Courtroom 1, on the Fourth Floor, of the United States District Courthouse at 701 Clematis Street, **West Palm Beach, Florida,** to determine the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, and to determine whether the proposed Settlement should be finally approved, and final judgment entered thereon. At the Final Approval Hearing, the Court will also consider Class Counsels' Motion for Approval of Attorneys' Fees and Expenses and Named Plaintiff Service Awards. Any Settlement Class Member who follows the procedures set forth in the Settlement Agreement may appear and be heard at the Final Approval Hearing. The Final Approval Hearing may be continued without further notice to the proposed Settlement Class,

except that Class Counsel shall cause any newly-established date and time for the Final Approval Hearing to be mailed to the class.

9. All objections and requests for exclusion from the proposed Settlement Class, as more fully explained in the Notices, shall be postmarked no later than [60] days after the Notice Commencement Date. Settlement Class Members wishing to make objections, file claims or exclude themselves from the Settlement Class and this Settlement must otherwise comply with the requirements set forth in the Class Notice.

10. Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Defendant any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not previously file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

20. Class Counsel shall file with the Court their Motion for Final Approval of Settlement Agreement, including any motion for an award of attorneys' fees and expenses and Named Plaintiff Service Awards, at least 14 days before the Final Approval Hearing.

21. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants maintain that the class vehicles are free of defects and have at all times denied, and continue to deny, any wrongful act or omission alleged

by Plaintiff or that they owe any liability of any sort to Plaintiff or any member of the Settlement Class. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

22. If for any reason the Settlement Agreement ultimately does not become effective, Defendants' conditional decision to not object to the certification of the Settlement Class shall be null and void in its entirety; this Order certifying a nationwide class shall be vacated; the Parties shall return to their respective positions in this Action as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of May, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record