Robert Stowe
10 Chapin Avenue
Boston, MA 02132
617-851-8081
August 1, 2019

FILED BY [signature] D.C.
AUG 05 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

Clerk of Court
United State District Court
Southern District of Florida
Alto Lee Adams, Sr.
United States Courthouse
101 South U.S. Highway 1
Fort Pierce, FL 34950

RE: 2.4 Liter Oil Consumption Litigation

**FRAUDULENT REPRESENTATION BY GERNERAL MOTORS AND ITS ATTORNEYS**

GM Report # 9-5400509856
Date of Report 8/1/2019
Made by Robert Stowe on behalf of Diane Stowe
2012 GMC Terrain VIN# 2GKFLVEK6C6220364

Dear Sir/Madam:

On July 29, 2019, we received in the mail the attached Court authorized notice dated May 16, 2019. As a result of acting on the notice, I learned that the **"free diagnosis"** offered on page 4 at paragraph 6(C) and represented to the Federal Court is in fact, **not** free.

On August 1, 2019, I went to:

Central Buick/GMC
70 Boston Providence Turnpike
Norwood, MA 02062
Tel. 781-352-0201

I spoke with Gabriel Peralta in the Service Department regarding the oil consumption "free diagnosis" as set forth in the court notice at page 4, paragraph 6(C). I brought the document with me and showed it to him. He explained that the first step in conducting the diagnosis for oil consumption is to change the oil. That puts a known amount of GM oil into the

vehicle and allows the technician to monitor oil consumption over the course of a few thousand miles. The process involves 4 appointments with the service department and the first appointment would be after 1,000 miles.

I then asked to schedule the diagnosis. He responded that the oil change will be $49.95 to which I responded that it should be free because General Motors offered a "free diagnosis" and changing the oil, according to his representation, was the first step in that diagnostic process. I further explained that the oil had just been changed the week before and I did not need an oil change. He said there was nothing he could do, I had to pay. He said I could take it up with General Motors and gave me the phone number 800-462-8762.

I then called General Motors at the telephone number provided, it was 9:41 AM. I spoke with a nice young woman who spoke with an apparent Asian accent. She took the vehicle information and brought the vehicle history up on her computer. There was some difficulty with her understanding my claim as she kept referring to our vehicle as being out of drive train warranty. I continued explaining that I was looking for the free oil diagnostic that was provided for in the oil consumption litigation and was represented to the United States District Court for Southern Florida by General Motors. After being placed on hold several times I was eventually transferred to a supervisor named Angel.

I explained to Angel that I was looking for the "free diagnosis" as represented in the litigation notice. She said that she was aware of the litigation but there was no "free" diagnosis. She repeated several times that it was not free and that I had to pay for it. Eventually, she obtain the actual notice from the court and I directed her to page four section 6(C), which reads:

> NOTE:    Independent of the Settlement, the model year 2010, 2011 in 2012 SCA's remain in effect, subject to their time and mileage limits detailed paragraph 6 AM above. If your vehicle is within both the time and mileage limits of the applicable SCA, you may take your vehicle to an authorized Chevrolet or GMC dealership for <u>free diagnostic</u> and that excessive oil consumption is found, free replacement of a piston assemblies.

In response she stated that the diagnosis was **not** free but if something is found wrong with the vehicle after a diagnosis the replacement of the piston assembly **was** free. I directed her to the word directly in front of the word diagnostic which is "free" and asked her what that means to her. She reiterated that the diagnostic testing was not free. Angel confirmed that my vehicle fell within both the mileage which at the time was 66,125 miles and the date for the extended warranty work, but is set to expire August 6, 2019. I told her that I did not need an oil change as I just had done the week before. What I needed was the "free" diagnostic testing as I was due to time out of this warranty issue. I was then put on hold for approximately ½ hour. Angel then returned to the conversation and asked for the dealership information which I then provided. She said she would call me back. It was 11:04 AM.

At 11:30 AM, Angel called back from telephone number 866-790-5600, which had a prompt that the conversation was being recorded. Angel explained that the oil change was not "free." She agreed that the oil change was part of the diagnostic process but continued to state that the oil change was not free and would not be waived. Since the "free diagnosis" set forth in the notice dated May 16, 2019, requires as a first step an oil change, which is not free, I then ask Angel if General Motors had misrepresented "free diagnosis" to the Federal Court. She of course could not respond. While Angel was pleasant to speak with, she made it clear that the free diagnostic as represented in the notice dated May 16, 2019, is **not free**. The call lasted 6 minutes.

I feel that the General Motors Corporation, by making a false representation to Federal Court that a "free diagnosis" would be done for vehicles that fall within a certain criteria is a Court sanctioned fraudulent bait and switch tactic. There are several locations around my house that will change oil for $19.95. It appears that as part of this litigation, General Motors is trying to get people into its dealerships and relieve them of money they otherwise would not have spent. In addition to misrepresenting a "free diagnosis" being available as part of its approved notice from Federal Court, General Motors is engaging in unfair and deceptive trade practices by trying to bait and switch customers who only hope to learn if their vehicles have defective engines. Further, General Motor delayed sending us the notice dated May 16, 2019, for some 2 months. Even if I now agree to the diagnosis procedure, by the time I acquire the few thousand miles to fulfill the diagnostic requirement my vehicle will fall outside of the SCA time limit.

General Motors intentionally delayed sending out the notice to us as it knew we only had approximately one week to take advantage of a "free" diagnostic offer which did not exist but which it otherwise has represented to Federal Court exists.

Respectfully,

Robert Stowe

**2.4 Liter Oil Consumption Litigation**
c/o Analytics Consulting LLC
P.O. Box 2003
Chanhassen, MN 55317-2003

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
TWIN CITIES, MN
PERMIT NO. 3648

**IMPORTANT COURT-ORDERED NOTICE**

BRM00434D2C5A - Claim Number 1956633

DIANE E STOWE
10 CHAPIN AVE
WEST ROXBURY MA 02132-2803

**You may be a member of a class that the Court is being asked to certify in the above-entitled class action (the "Action"). The class includes certain persons who purchased or leased new or used Chevrolet Equinox or GMC Terrain vehicles equipped with 2.4 liter Ecotec engines ("Class Vehicles") for model years 2010, 2011, 2012, as well as certain model year 2013 vehicles.**

United States District Court for the Southern District of Florida
*Ellen Berman, et al. v. General Motors LLC*
Case No. 2:18-cv-14371

***A court has authorized this notice. This is not a solicitation from a lawyer.***

**You may be a member of a class that the Court is being asked to certify in the above-entitled class action (the "Action"). The class includes certain persons who purchased or leased new or used Chevrolet Equinox or GMC Terrain vehicles equipped with 2.4 liter Ecotec engines ("Class Vehicles") for model years 2010, 2011, 2012, as well as certain model year 2013 vehicles.**

This notice is to advise you of the proposed class certification and request for court approval of a settlement of the Action and of the court hearing on the proposed class certification and settlement. This notice contains important information regarding the Action, the proposed settlement, the final hearing to approve the settlement, and your rights.

**PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR RIGHTS**

Plaintiffs in the Action allege that defendant General Motors LLC ("GM") violated state consumer protection laws and breached express and implied warranties by manufacturing and distributing to dealers for retail sale or lease Class Vehicles that allegedly were prone to consume excessive amounts of motor oil. GM has acknowledged that under certain driving conditions and cycles a small percentage of Class Vehicles have exhibited excessive oil consumption due to piston ring wear issues. Before plaintiffs' filing of the Action, GM took steps to remedy this potential issue, including (a) introducing updated pistons with improved piston rings that markedly reduce oil consumption and (b) issuing voluntary Special Coverage Adjustments ("SCAs") authorizing free replacement of piston assemblies in 2010, 2011 and 2012 model year Class Vehicles with expired powertrain warranties that were manufactured before introduction of the updated piston rings mid-model year 2013.

The Class proposed to be certified in the Action includes all persons who purchased or leased new or used Class Vehicles before [insert date Settlement Agreement fully executed] and who have not otherwise released their claims against GM that arose out of oil consumption concerns. The proposed settlement ("Settlement") will provide Class Members with (1) specified notices and the opportunity to file reimbursement claims for prior customer-paid repairs under the existing model year 2010, 2011 and 2012 SCAs, and (2) a new SCA that will cover model year 2013 Class Vehicles that were manufactured prior to the production change that introduced the updated piston rings in May 2013. These settlement benefits are set forth in greater detail below. In consideration of the benefits provided to Class Members under the Settlement, the Action will be dismissed with prejudice, and GM will receive releases from all members of the Class who do not exclude themselves from the Class and thereby "opt out" of participating in the Settlement.

The Court has not decided whether GM did anything wrong. GM disputes Plaintiffs' allegations in the Action. However, to avoid the further costs and delay of litigation and promote customer satisfaction, GM has agreed to provide the relief described in this notice.

The following describes your legal rights in relation to the Settlement.

| | |
|---|---|
| **REMAIN IN THE CLASS AND RECEIVE THE BENEFITS OF THE SETTLEMENT** | **Stay in the Action. You will receive the benefits of the proposed Settlement if it is approved, as detailed in paragraph 6 below.** |
| **ASK TO BE EXCLUDED** | If you wish to be excluded from the Action, receive no benefits from the Settlement, and retain your legal rights, **MAIL A REQUEST FOR EXCLUSION**, also known as an Opt-Out, to the Settlement Administrator by **September 20, 2019**.<br><br>If you ask to be excluded, you will not share in any benefits of the Settlement. But you will keep any rights you have to sue GM separately concerning the legal claims asserted in the Action. |
| **OBJECT** | If you wish to object to the terms of the proposed Settlement, you must (1) stay in the Action, and (2) file your objection papers by **September 20, 2019**. You must comply with the instructions in Question 10 below to object.<br><br>You are also free to attend the hearing on **October 4, 2019** where the Court will consider your objection. You are free to hire an attorney at your own expense to represent you at the hearing. You or your attorney cannot speak at the hearing unless you comply with the instructions below in Question 10. |

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this notice because you may be included in the Class described above.

### 2. What is the action about?

This lawsuit is about Plaintiffs' claims that GM allegedly violated state consumer protection laws and breached express and implied warranties by manufacturing and distributing to dealers for retail sale or lease Class Vehicles that were prone to consume excessive amounts of motor oil due to piston ring wear issues.

### 3. What is a class action lawsuit and who is involved?

In a class action lawsuit, one or more persons called "plaintiffs" or "class representatives" sue on behalf of other people who may have a similar claim. These people together are a "class" or "class members." The entity sued (in this case GM) is called the defendant. In a class action, the claim of the Plaintiffs and all Class Members are decided in one action. The Court resolves the claim for everyone in the Class—except for those people who choose to exclude themselves from the Class.

## WHO IS IN THE CLASS?

***If you received this Notice, you are likely a member of the Class.***

### 4. Am I part of this Class?

You are a member of the Class if within the United States you purchased or leased a new or used model year 2010, 2011 or 2012 Chevrolet Equinox or GMC Terrain equipped with a 2.4 liter Ecotec engine or a model year 2013 Equinox or Terrain equipped with a 2.4 liter Ecotec engine that was manufactured prior to the May 2013 production change that introduced updated piston rings. However, you are not part of the Class if you previously released a claim against GM arising out of oil consumption issues in your Equinox or Terrain.

### 5. I'm still not sure if I am included.

If you are still not sure whether you are a member of the certified Class, you can call or write to the lawyers representing the Class at the phone numbers or addresses provided below.

## THE SETTLEMENT BENEFITS –WHAT YOU CAN GET

### 6. What does the Settlement provide?

A. If you are a Class Member and own or owned a ***model year 2010, 2011 or 2012 Class Vehicle***, and you believe that you incurred out-of-pocket repair expenses due to an oil consumption diagnosis and piston assembly replacement before the SCA for your Class Vehicle was announced, and if the Court approves the Settlement, you may complete and submit a Claim Form. As long as you have not already received reimbursement, you will be able to send documentation of the repair and out-of-pocket expenses for reimbursement. These expenses must have been incurred by you within the SCA time and mileage limits set forth below:

2010: 10 years or 120,000 miles, whichever comes first following the initial retail sale or lease of your Class Vehicle;

2011: 7 years, 6 months or 120,000 miles, whichever comes first following the initial retail sale or lease of your Class Vehicle;

2012: 7 years, 6 months or 120,000 miles, whichever comes first following the initial retail sale or lease of your Class Vehicle.

To claim reimbursement from GM you must complete and return a Claim Form and send supporting documentation no later than 120 days after Claim Forms are mailed. The Claim Form will be mailed to you if the Settlement is approved. To be eligible for reimbursement, qualified expenses must have been

incurred within both the time and mileage limits noted above for the applicable model year. Expenses incurred after expiration of either the time or mileage limits will not be eligible for reimbursement.

B. If you are a Class Member who owns or owned a ***model year 2013 Class Vehicle***, and if the Court approves the Settlement, GM will issue and provide to you with notice of a new SCA that will cover your vehicle for 7 years, six months or 120,000 miles, whichever comes first following its initial retail sale or lease. Under the new model year 2013 SCA, you may take your vehicle to an authorized Chevrolet or GMC dealership for free diagnosis and, if excessive oil consumption is found, free replacement of its piston assemblies, as long as your vehicle is within both the time and mileage limits of the SCA (7 years, six months or 120,000 miles, whichever comes first). Further, if you previously paid for diagnosis or piston assembly replacement within both or these time and mileage limits, you will be able to file a claim for reimbursement for repairs related to this oil consumption issue.

To claim reimbursement from GM you must complete and return a Claim Form and send supporting documentation no later than 120 days after Claim Forms are mailed. To be eligible for reimbursement, qualified expenses must have been incurred within both the time and mileage limits noted above for the applicable model year. Expenses incurred after expiration of either the time or mileage limits will not be eligible for reimbursement. A Claim Form will be mailed to you if the Settlement is approved.

C. NOTE: Independent of the Settlement, the model year 2010, 2011 and 2012 SCAs remain in effect, subject to their time and mileage limits detailed in paragraph 6A above. If your vehicle is within both the time and mileage limits of the applicable SCA, you may take your vehicle to an authorized Chevrolet or GMC dealership for free diagnosis and, if excessive oil consumption is found, free replacement of its piston assemblies.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 7. What happens if I ask to be excluded?

If you exclude yourself from the Class—which is sometimes called "opting-out" of the Class— you won't get any benefits from the Settlement of the Action. If you exclude yourself, you will not be legally bound by the Court's judgments in the Action. If you start your own lawsuit against GM after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.

To exclude yourself from (or opt out of) the Settlement, you must send a written request (**Request for Exclusion**) by U.S. mail stating, "I wish to be excluded from the Settlement in *Berman v General Motors, LLC*, Case No. 2:18-cv-14371." Be sure to include your printed name, address, phone number, email address and the Vehicle Identification Number for your vehicle.

**You must also personally sign the letter.** You must mail your Request for Exclusion no later than **September 20, 2019** to the following address:

2.4 Liter Oil Consumption Litigation
c/o Analytics Consulting LLC
P.O. Box 2003
Chanhassen, MN 55317-2003

You cannot ask to be excluded from the Settlement on the phone, by email or by submitting an email to any law firm's website. If you choose to Opt Out (be excluded) from the Settlement, you must opt out

for all claims that you have that are included in the Settlement. If you ask to be excluded, you will not receive any settlement benefits and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) GM in the future about the legal issues in the case.

**8. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself from the Settlement, you will not be able to make a claim to receive any benefits under the Settlement, and you cannot object to the proposed Settlement. But, you will not lose any right you may have to sue Defendant about the legal issues in this case.

**9. If I do not exclude myself, can I sue later?**

No. Unless you exclude yourself, you give up the right to sue Defendant for the issues resolved by this Settlement. If the Settlement is finally approved, you will be permanently enjoined and barred from initiating or continuing any lawsuit or other proceeding against Defendant about the issues in the lawsuit. You also will have agreed not to sue Defendant over the claims you have released in the Settlement.

## OBJECTING TO THE SETTLEMENT

**10. How do I object to the settlement?**

Only a Class Member who does not opt out can object to the Settlement. If you are a Class Member, you can object to the Settlement if you do not like all or some part of it. To object, send a letter explaining your objection to the proposed Settlement in *Berman v General Motors, LLC*, Case No. 2:18-cv-14371 to the Court with a copy to Class and Defendant's Counsel at the addresses below. Your objection letter must include: (1) the objector's full name, current address, current telephone number, and e-mail address; (2) documentation, such as documents showing the Vehicle Identification Number for the Class Member's vehicle, sufficient to establish membership in the Class; (3) a written statement of all grounds for the objection, accompanied by any legal support for the objection; and (4) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (5) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any) along with documentation setting forth such representation; and (6) copies of any documents supporting the Objection.

If you wish to object to the Settlement, your objection must be filed with the Court (received by the Court), with copies sent to lawyers for both Plaintiffs (Class Counsel) and GM (Defendant's Counsel).

| CLASS COUNSEL | DEFENDANT'S COUNSEL | COURT |
|---|---|---|
| Daniel K. Bryson<br>J. Hunter Bryson<br>Whitfield Bryson & Mason LLP<br>900 W. Morgan St.<br>Raleigh, NC 27603 | Thomas A. Casey, Jr.<br>Jones Walker LLP<br>201 St. Charles Ave<br>New Orleans, LA 70170-5100 | Clerk of the Court<br>United States District Court<br>Southern District of Florida<br>Alto Lee Adams, Sr. United States Courthouse<br>101 South U.S. Highway 1<br>Fort Pierce, FL 34950 |

In the event that a Class Member objects through an attorney hired at his, her, or its own expense, the attorney will have to file a notice of appearance with the Court by the Objection Deadline **September 20, 2019** and serve a copy of the notice and the objection containing the information detailed above on Class Counsel and Defendant's Counsel by the Objection Deadline.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

Yes. These lawyers are referred to as Class Counsel or Plaintiffs' Counsel:

Daniel K. Bryson
J. Hunter Bryson
Whitfield Bryson & Mason LLP
900 W. Morgan St.
Raleigh, NC 27603
Tel: 919-600-5000
Email: Hunter@wbmlllp.com

Gregory F. Coleman
Greg Coleman Law PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Email: greg@gregcolemanlaw.com

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one at your own expense.

### 12. Should I get my own lawyer?

You do not need to hire your own lawyer because the Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 13. How will the lawyers for Plaintiffs and the proposed Class be paid?

The lawyers who represent the Class will ask the Court for an award of attorneys' fees and reimbursement of their out-of-pocket expenses in an amount not to exceed $3,500,000. Any legal fees awarded by the Court will be paid separately by the Defendant and these payments of legal fees and expenses will not reduce the value of the Settlement benefits made available to Class Members.

Defendant will also separately pay the costs to provide notice of and to administer the Settlement.

Class Counsel will petition the Court to approve the payment to Class Counsel which GM has agreed not to oppose. Class Counsel will file their request for an award of attorneys' fees. Class Members may obtain any such submission to the Court by contacting Class Counsel.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend, and you may ask to speak, but you don't have to appear.

### 14. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing **October 4, 2019** at **1:00 p.m.** in Courtroom 1, on the Fourth Floor, of the United States District Courthouse at 701 Clematis Street, West Palm Beach, Florida.

the Court will decide whether to approve the Settlement and how much to award to Class Counsel as fees, costs, and expenses.

The Final Approval Hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you check the Court's website regarding the hearing date.

### 15. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to court to talk about it. As long as you filed a written objection with all of the required information on time with the Court and delivered it on time to Class Counsel and Defendant's Counsel, the Court will consider it. You may also have a lawyer attend the hearing on your behalf at your own expense, but it is not required. Class members do not need to appear at the hearing or take any other action to indicate their approval.

### 16. May I speak at the Final Approval Hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear and speak at the Final Approval Hearing in "*Berman v General Motors, LLC*, Case No. 2:18-CV-14371." Be sure to include the case name case number, your printed name, address, email address, telephone number, and your signature. Your letter of intent to appear and speak must be received by the Clerk of the Court, Class Counsel and Defendant's Counsel, at the three addresses listed in Question 10 no later than **September 20, 2019**. You cannot speak at the hearing if you exclude yourself.

## GETTING MORE INFORMATION

### 17. How do I get more information?

If you have any questions about this class action notice, you may call the toll free number 1-888-970-0698.

**PLEASE DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OF THE LITIGATION TO THE COURT OR TO THE JUDGE OR TO GM.**

DATED: May 16, 2019.

Gabriel Peralta
Service Advisor
P: 781.352.0201 x2312
F: 781.255.9869
gperalta@central.us

70 Boston Providence Tpke | "The Automile" | Norwood, MA 02062
www.central.us

massDOT
Massachusetts Department of Transportation
Registry of Motor Vehicles

# CERTIFICATE OF REGISTRATIC

**M.G.L. Chapter 90 Section 24B makes it a crime to alter this Cer**

| PLATE TYPE | REGISTRATION NUMBER | REGISTRATION TYPE | EFFECTIVE DATE | EXPIRES LAST DAY OF → | MONTH |
|---|---|---|---|---|---|
| PAN | 8EX552 | PASSENGER | 03/13/19 | | 02 |

| MFRS MODEL YEAR | MAKE | MODEL | BODY STYLE/TYPE | COLOR |
|---|---|---|---|---|
| 2012 | GMC | TERRAI | SUV | WHITE |

Not valid without offi signature of Regist

| VEHICLE IDENTIFICATION NUMBER | INSURANCE COMPANY | TITLE NUMBER |
|---|---|---|
| 2GKFLVEK6C6220364 | LIBERTY MUTUAL INS | EXAM |

REGISTRAR

RESIDENTIAL ADDRESS (IF DIFFERENT)

NAME(S) OF OWNER(S) AND MAILING ADDRESS

STOWE, DIANE E
10 CHAPIN AVE
W ROXBURY, MA 02132-2803

FEES

REGIST
TITLE
SPECI
SALES

**MASSACHUSETTS DEPARTMENT OF TRANSPORTATION**
**REGISTRY OF MOTOR VEHICLES DIVISION**
The records of the RMV database constitute the official status of the vehicle registration.

SPECIAL MESSAGE

IF THIS VEHICLE IS NEWLY ACQUIRED, IT MUST BE INSPECTED WITHIN SEVEN (7) DAYS OF REGISTRATION.

CHANGE OF ADDRESS

STREET ADDRESS

CITY, STATE, ZIP CODE

**Important Information for Vehicle Owners**

Every person operating a motor vehicle shall have the Certifi- ... Registration for the motor vehicle and for the trailer if

. Return the registration plates

2012 GMC Terrain

Purchase date 2-6-12

Stowe
10 Chapin Ave
Boston, MA
02132

1000

34950

U.S. POSTAGE PAID
FCM LG ENV
WEST ROXBURY, MA
02132
AUG 01, 19
AMOUNT
**$1.30**
R2303S101284-64

Clerk of Court
United State District Court
Southern District of Florida
Alto Lee Adams, Sr.
United States Courthouse
101 South U.S. Highway 1
Fort Pierce, FL 34950